UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Index No.:

DEMEZZ HAMILTON,

                        Plaintiff,

-against-                                    **COMPLAINT**
                                                **JURY TRIAL DEMANDED**

ENTERPRISE HOLDINGS INC., d/b/a
ENTERPRISE RENT-A-CAR and
JESSICA SIROW, in her individual capacity,

                        Defendants.

------------------------------------------------------------------X

       Plaintiff, DEMEZZ HAMILTON, (hereinafter "Plaintiff") hereby submits this Complaint and complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1.       Plaintiff complains pursuant to 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. Section 1981, New York State Executive Law § 296, and Administrative Code of The City of New York § 8-107. Plaintiff seeks damages to redress the injuries he suffered because he was discriminated against due to his race and national origin.

### JURISDICTION AND VENUE

2.       Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city laws pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on September 27, 2022.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving a Right to Sue Letter from the EEOC.

## PARTIES

7. Plaintiff is a forty-three-year-old Black American male who resides in Manhattan, New York.

8. Enterprise Holdings INC., d/b/a Enterprise Rent-A-Car (Hereinafter "Enterprise") is a car rental agency based in St. Louis, Missouri. Enterprise Holdings is the parent company of Enterprise Rent-A-Car, National Car Rental, and Alamo Rent a Car.

9. Defendant Jessica Sirow is Defendant's Area Rental Manager and interviewed Plaintiff.

10. Upon information and belief, Defendant Jessica Sirow has hire and fire authority.

11. Upon information and belief, Defendant Enterprise solicits significant business within the State of New York.

12. Upon information and belief, Defendant Enterprise derives substantial revenues from goods used or consumed or services rendered in the State of New York.

13. Defendant Enterprise is a covered employer within the meaning of the Title VII, 42 U.S.C. § 1981, New York State Executive Law § 296, and Administrative Code of City of New York § 8-107.

## STATEMENT OF FACTS

14. On July 22, 2022, Plaintiff applied for Defendant's Branch Manager position on Indeed.com.

15. On July 28, 2022, Defendant's Senior Area Manager Daniel Rose interviewed Plaintiff via Zoom.

16. Mr. Rose was quite pleased by Plaintiff's qualifications and recommended him for a second interview.

17. Defendant's Talent Acquisition Manager Debbie Fischer invited Plaintiff to observe the branch office on the morning of August 4, 2022.

18. Fischer also scheduled Plaintiff's second formal interview for the afternoon of August 4, 2022.

19. At the office visit, Plaintiff observed Defendant's operations, learned of company policies, and met with various individuals, including Branch Manager Jessica Jacoway and Assistant Branch Manager Eric Torreau.

20. Plaintiff left the office feeling positive about the observation.

21. Later that day at the second formal interview, Plaintiff experienced discrimination based on race and national origin.

22. Defendant's Area Manager Jessica Sirow hosted the second formal interview via Microsoft Teams.

23. Throughout the interview, Defendant Sirow was dismissive, unenthusiastic, and condescending.

24. Defendant Sirow made a discriminatory comment based on Plaintiff's race and national origin.

25. During the interview, Defendant Sirow stated to Plaintiff "Your kind is not the right fit for this position."

26. Plaintiff understood Defendant Sirow's comment to mean that he, a Black American male who descended from U.S. slavery, was not to be hired for this position.

27. After the interview, Plaintiff complained of the race and national origin discrimination via email to Defendant's Talent Acquisition Manager Fischer and Defendant's Senior Area Manager Rose.

28. Defendant Enterprise did not offer Plaintiff the position of Branch Manager.

29. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

30. Defendants intentionally discriminated against Plaintiff based on his race and national origin.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

31. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

32. 42 U.S.C. Section 1981 provides: "(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) Defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

33. Defendants discriminated against Plaintiff because of his race and national origin as provided under 42 U.S.C. Section 1981. Plaintiff has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. § 2000e-2
## AGAINST CORPORATE DEFENDANT
## (not against any individual defendant)

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35. Title VII provides: " It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

36. Defendant Enterprise engaged in unlawful discriminatory employer practice in violation of 42 U.S. Code § 2000e–2 by discriminating against Plaintiff based on his race and national origin. Plaintiff has suffered damages as set forth herein.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
### New York State Executive Law § 296

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. New York State Executive Law § 296 provides: "It shall be an unlawful discriminatory practice for an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

39. Defendants engaged in unlawful discriminatory employer practice in violation of NYS Executive Law § 296 by discriminating against Plaintiff based on his race and national origin. Plaintiff has suffered damages as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
### New York State Executive Law §296(6)

40. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

41. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### AS A FIFTH CAUSE OF ACTION
### UNDER THE CITY OF NEW YORK LAW
### Administrative Code of The City of New York §8-107(6)

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

44. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### AS A SIXTH CAUSE OF ACTION
### UNDER THE CITY OF NEW YORK LAW
### Administrative Code of The City of New York § 8-107[1]

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. The Administrative Code of City of New York § 8-107 [1] provides: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

47.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107 [1] by discriminating against Plaintiff based on his race and national origin. Plaintiff has suffered damages as set forth herein.

### AS A SEVENTH CAUSE OF ACTION
### UNDER THE CITY OF NEW YORK LAW
### Administrative Code of The City of New York § 8-107 [13]

48.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49.     Administrative Code of The City of New York § 8-107 [13] entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an agent which is in violation of subdivision one or two of this section only where: the employee or agent exercised managerial or supervisory responsibility; or the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

50.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107 [13].

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       December 23, 2022

_____
Signature
*Plaintiff*

sworn to before me
this 23rd day of December, 2022

_Steven E Hiller_

STEVEN E HILLER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HI4507658
Qualified in New York County
Commission Expires NOVEMBER 30, 2025