

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/25/2023

September 22, 2023

**VIA ECF**
Magistrate Judge Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

    Re:    <u>Hamilton v. ELRAC, LLC
              Case No.: 22-cv-10860</u>

Your Honor:

    The law firm of Rivkin Radler, LLP represents Defendants ELRAC, LLC, ("ELRAC"), and Jessica Sirow, (collectively "Defendants"), in the above referenced action commenced by Plaintiff *pro se*, Demeez Hamilton ("Plaintiff"). Defendants respectfully submit this correspondence to address the present and continued failure by Plaintiff to respond to ELRAC's timely served document demands and, as a result, to ask this Court to: (1) Order Plaintiff to provide his response and produce responsive documents on or before October 6, 2023, and; (2) extend the discovery deadline, presently scheduled to end on October 13, 2023. [*Dkt. #23*].

    Pursuant to this Court's Order, [*Dkt. # 23*], the parties were required to file their respective discovery demands on or before August 9, 2023. On August 9, 2023, ELRAC served, via e-mail, *see, Exhibit "A,"* its "First Set Of Document Demands."[1] *See, Exhibit "B."*

    Plaintiff's response and responsive documents were due to be served on September 8, 2023. Having received no response or documents on that date, I waited a few more days in case they were served by mail. Receiving no communication from Plaintiff by September 14, 2023, I forwarded correspondence to Plaintiff, asking him to provide me his availability for either September 18 or 19 to "meet and confer" concerning his failure to respond and produce. *See, Exhibit "C."*

    Plaintiff ignored my efforts to schedule a "meet and confer." Accordingly, I forwarded an e-mail on September 21, 2023, asking for Plaintiff, once again, to "meet and confer" concerning the failure to

---

[1] Plaintiff failed to serve any discovery demands by the Court's August 9, 2023, deadline. Plaintiff did not serve his document demand until September 15, 2023. Defendants reserve their right to object to these demands, *in toto*, as being in violation of this Court's Order, but will nevertheless timely serve their response and/or objections.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287 2460 F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925 F 904.467.3461

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

**RIVKIN RADLER** LLP

September 22, 2023
Page 2

comply with his discovery obligations. *See, Exhibit "D."* Plaintiff responded shortly thereafter, via e-mail, as follows:

> [i]t's going to take me a few weeks to complete that request. If you want to go to court for intervention, do so, I don't really give a fuck.

*See, Exhibit "E."*

Putting aside the egregiously inappropriate nature of this communication, Plaintiff's vague response leaves Defendants simply guessing as to when to expect Plaintiff's response to ELRAC's document demands. Nevertheless, a reasonable interpretation of Plaintiff's communication is that no response will be provided until either only a few days before the present discovery cut-off date, or after. Accordingly, Defendants respectfully request that Your Honor So Order that Plaintiff serve his responses and production by October 6, 2023, (thereby affording him almost two months to respond), and extend the discovery deadline to a time Your Honor believes is reasonable given Plaintiff's status as a *pro se* litigant, taking into account Plaintiff's conduct to date concerning his apparent lack of concern for abiding by the deadlines set by this Court.

Respectfully submitted,

Rivkin Radler, LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff

cc: All parties via ECF

---

Defendants seek an order compelling plaintiff to respond to their document requests by October 6, 2023. In accordance with Moses Ind. Prac. § 2(e), plaintiff's responding letter is due **September 27, 2023**, and defendants' optional reply letter is due **September 29, 2023**. Plaintiff is advised that *pro se* parties, no less than counseled parties, are required to respond timely to discovery requests or, in the event an extension is required, to ask for that extension *before* the original deadline expires, and to specify the amount of time required. Similarly, all parties, whether *pro se* or counseled, are required to meet and confer in good faith in the event of a discovery dispute, and to be courteous to opposing parties and counsel. Further violations of these standards could result in significant sanctions. SO ORDERED.

Barbara Moses
United States Magistrate Judge
September 25, 2023